IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BARBARA B. FREEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:06CV794-SRW |
| ) | (WO) |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF OPINION**

Plaintiff Barbara B. Freeman brings this action pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3) seeking judicial review of a decision by the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits and Supplemental Security Income under the Social Security Act. The parties have consented to entry of final judgment by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c). Upon review of the record and briefs submitted by the parties, the court concludes that the decision of the Commissioner is due to be reversed.

**BACKGROUND**

On October 23, 2003, plaintiff filed an application for disability insurance benefits and Supplemental Security Income. On June 29, 2005, after the claim was denied at the initial administrative levels, an ALJ conducted an administrative hearing. The ALJ rendered a decision on September 16, 2005. The ALJ concluded that plaintiff suffered from the severe impairments of "chronic diarrhea or irritable bowel syndrome, status post cholecystectomy,

mitral valve prolapse and noncardiac chest pain, diffuse musculoskeletal pain syndrome, chronic obstructive pulmonary disease, tobacco abuse, history of gastroesophageal reflux disease, history of pancreatitis, history of supraventricular tachycardia, possible CREST syndrome, history of cardiomegaly with right atrial enlargement, and chronic inactive gastritis." (R. 31). He found that plaintiff's impairments, considered in combination, did not meet or equal the severity of any of the impairments in the "listings" and, further, that plaintiff retained the residual functional capacity to perform her past relevant light work. Thus, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act. On July 11, 2006, the Appeals Council denied plaintiff's request for review and, accordingly, the decision of the ALJ became the final decision of the Commissioner.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The court does not reweigh the evidence or substitute its judgment for that of the Commissioner. Rather, the court examines the administrative decision and scrutinizes the record as a whole to determine whether substantial evidence supports the ALJ's factual findings. Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Substantial evidence consists of such "relevant evidence as a reasonable person would accept as adequate to support a conclusion." Cornelius, 936 F.2d at 1145. Factual findings that are supported by substantial evidence must be upheld by the court. The ALJ's legal conclusions, however, are reviewed *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. Davis, 985

F.2d at 531. If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed. Cornelius, 936 F.2d at 1145-46.

## DISCUSSION

The medical records in this case demonstrate that plaintiff has experienced, in addition to other medical problems, significant gastrointestinal problems for several years. (Exhibit 1F, 6F, 7F, 8F, 9F, 10F, 11F). The record includes persistent complaints of chronic diarrhea between 2000 and late 2003 (see *e.g.*, R. 156, 169, 178, 182, 184, 235-36, 292-302, 305, 307, 308, 309, 311, 313). It further includes frequent complaints of abdominal pain during the same period, sometimes with and other times without associated complaints of diarrhea (see *e.g.*, R. 173-74, 225, 226, 233, 238, 256, 285, 292, 297, 300, 3-4, 305, 306, 307, 308). The ALJ observed that the "voluminous medical evidence of record . . . clearly establishes that the claimant has a longitudinal history of problems that result in abdominal discomfort and frequent diarrhea," and that her "symptoms of upper gastrointestinal distress and chronic gastritis continue." (R. 30).

The record before the ALJ included a physical capacities evaluation completed by Dr. Eric Hemberg, plaintiff's treating physician, on June 8, 2005. Dr. Hemberg states:

> [P]atient has intractable diarrhea – has up to 20 bowel movements/day has episodic + unpredictable abdominal pain which is incapacitating – has had multiple investigations and therapeutic trials, none of which have resulted in sustained improvement. Surgical evaluation indicates that she has adhesions in her abdomen but surgical intervention often worsens the problem. Because of the frequency of diarrhea and the unpredictability of abdominal pain, it is not possible for her to be gainfully employed.

(R. 345-46).  The ALJ considered this opinion but rejected it, stating:

> I give little weight to Dr. Hemberg's opinion that the claimant's diarrhea is incapacitating.  He stated that because of the frequency of diarrhea and the unpredictability of abdominal pain, it is not possible for the claimant to be gainfully employed.  Although Dr. Hemberg indicated that none of the therapeutic trials have resulted in sustained improvement, when seen by Dr. Hemberg on July 29, 2003, there had been much improvement in the diarrhea. . . . In this case, Dr. Hem[b]erg's opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques.

(R. 30).

The plaintiff challenges the Commissioner's decision, arguing that the ALJ erred by improperly discrediting the opinion of plaintiff's treating physician.

> The opinion of a treating physician . . . "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). [The Eleventh Circuit] has concluded "good cause" exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.  Id.  When electing to disregard the opinion of a treating physician, the ALJ must clearly articulate [his or her] reasons.  Id.

Phillips v. Barnhart, 357 F.3d 1232, 1240-41 (11th Cir. 2004).

Plaintiff questions the ALJ's reliance on Dr. Hemberg's July 29, 2003 note of "much improvement in the diarrhea," arguing that "the ALJ does nothing to quantify what 'much improvement' actually means.  Did Ms. Freeman go from having 20 bowel movements a day to having only 10 bowel movements a day?  There is no evidence of **sustained** improvement." (Doc. # 12, p. 12)(emphasis in original).  Plaintiff further observes that, in the July 29, 2003 office visit, plaintiff continued to complain of nausea, epigastric pain and abdominal pain.  (Id.; see R. 305).  Plaintiff also points to her visit to the night clinic on

4

October 20, 2003 for complaints of right subcostal pain. In the office note for that visit, Dr. Hemberg prescribed Lortab, and noted that plaintiff "[h]as previously been having similar pain due to adhesions." (R. 304). On November 4, 2003, Dr. Hemberg again prescribed Lortab, 7.5 mg.[1] (Id.).

As plaintiff argues, Dr. Hemberg's note of "much improvement" does not necessarily indicate that plaintiff ceased to suffer from substantial problems with diarrhea. On April 29, 2003, for example, Dr. Hemberg observed that plaintiff's diarrhea had "significantly improved" when plaintiff improved to eight stools per day from fifteen per day. (R. 308).[2] Nevertheless, the ALJ's decision to disregard Dr. Hemberg's opinion *as to plaintiff's diarrhea* is supported by the fact that Dr. Hemberg's treatment notes do not record any complaints of diarrhea for the period between July 29, 2003 and November 4, 2003, the date of the most recent treatment note before the ALJ. (R. 304-05).

However, even if the ALJ properly discounted Dr. Hemberg's opinion regarding the frequency of plaintiff's diarrhea, his stated reason does not provide an adequate basis for rejecting the treating physician's opinion that plaintiff suffers from "episodic + unpredictable abdominal pain which is incapacitating." As noted above, the record demonstrates that plaintiff often suffers from abdominal pain not apparently linked to her diarrhea. (See, *e.g.*,

---

[1] Lortab is "indicated for the relief of moderate to moderately severe pain." *Physician's Desk Reference* (58th ed. 2004) at p. 3236.

[2] Dr. Hemberg's records note a further decrease to "6 watery stools per day" on May 1, 2003 (R. 307); however, his July 29, 2003 note of "much improvement" follows a June 24, 2003 episode of abdominal pain and cramping with diarrhea and vomiting for which plaintiff sought treatment at the emergency room, and a subsequent referral to Dr. Ramdas Kamath for further treatment. (R. 237-41; Exhibit 10F). During a colonoscopy performed on July 2, 2003, Dr. Kamath noted a "[v]ery spastic featureless colon" and "[a] lot of bilious liquid stools in the colon indicating bile diarrhea." (R. 235).

5

R. 173-75, 226, 310). Dr. Hemberg suggests that plaintiff's abdominal pain is caused by abdominal adhesions which were noted in surgical evaluation, and he prescribed Lortab for plaintiff's pain. (R. 304, 346). The ALJ may reject Dr. Hemberg's opinion of incapacitating abdominal pain if he articulates adequate reasons, supported by substantial evidence of record. He has not done so.

Additionally, Dr. Adahli Estrada – a treating specialist at East Alabama Arthritis Center – diagnosed plaintiff with "Crest" on January 23, 2003. (R. 167). The ALJ noted this diagnosis (R. 26) but, without any explanation of his reasons for doing so, made a finding that plaintiff suffered from "*possible* CREST syndrome." (R. 31, Finding No. 3)(emphasis added). "Possible CREST syndrome" was Dr. Estrada's preliminary impression upon his earlier evaluation of plaintiff on October 30, 2002. (R. 170).[3] The ALJ is free to reject Dr. Estrada's opinion that plaintiff suffers from CREST, as long as he states adequately supported reasons for doing so. Because the ALJ instead made the ambiguous finding that the plaintiff suffers from the severe impairment of "possible" CREST syndrome, it is not apparent to the court that the ALJ considered the symptoms of CREST in evaluating plaintiff's claim.[4]

---

[3] At the administrative hearing, the ALJ called Dr. James Anderson as a non-examining medical expert. Dr. Anderson noted plaintiff's rheumatological diagnosis of diffuse musculoskeletal pain syndrome (R. 370), but failed to note the primary diagnosis of CREST syndrome on the same day. (See R. 167).

[4] CREST syndrome, also known as limited scleroderma, is a connective tissue disorder which can affect internal organs, including the digestive tract. It can give rise to many of the symptoms of which plaintiff complains and which are documented in her medical record, including esophageal dysfunction, epigastric and lower abdominal pain, swelling of hands and feet, irregular heart rhythms, diarrhea, bloating after meals, and joint pain. See "Limited Scleroderma (CREST syndrome)" at http://www.mayoclinic.com/health/crest-syndrome/DS00580 (accessed on 8/31/2007).

6

## CONCLUSION

Upon review of the record as a whole and for the foregoing reasons, the court concludes that the decision of the Commissioner is due to be REVERSED, and this case REMANDED for further proceedings consistent with this opinion. A separate judgment will be entered.

Done, this 5th day of September, 2007.

>/s/ Susan Russ Walker
>SUSAN RUSS WALKER
>UNITED STATES MAGISTRATE JUDGE